IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEARS AUTHORIZED HOMETOWN
STORES LLC, a Delaware limited liability
company,

        Plaintiff,

v.

BVG ENTERPRISES, LLC, an Oregon
Domestic limited liability company,

        Defendant.

Civ. No. 6:18-cv-01063-MC

ORDER

MCSHANE, Judge:

        Plaintiff Sears Authorized Hometown Stores ("Sears Hometown") moves for a Temporary Restraining Order and expedited hearing on a motion for preliminary injunction. ECF No. 4. Plaintiff seeks to enjoin the defendant from converting or continuing to trespass on personal property and from misappropriating or using confidential trade secret information. Additionally the motion seeks a court order for the immediate return and full account of Sear's property and trade secret information. The motion is accompanied by a Declaration in support (ECF No. 5), a proposed form of order (ECF No. 6), and complaint (ECF No. 1). Defendant has not filed a response and the time to do so has passed.

        Because there is not a showing of irreparable harm, Plaintiff's motion for temporary restraining order (ECF No. 4) is DENIED.

1 – ORDER

## BACKGROUND

For the limited purpose of Plaintiff's Motion and without reaching the ultimate merits of the complaint, the Court accepts the asserted facts at true. Plaintiff Sears Hometown consigns merchandise to local Hometown Store dealers who sell Plaintiff's merchandise on consignment to retail customers. Decl. Sanstra ¶ 5. At all times, Sears Hometown retains title and ownership to the merchandise. *Id*. In addition, Sears Hometown owns certain confidential and proprietary information, such as customer information, contained on any registers and computers located at the store. *Id*.

Sears Hometown entered into an agreement with Six and Two, LLC owned by Heidi Wood, allowing it to operate a Sears Hometown store in Prineville, Oregon. Decl. Sanstra ¶ 3. The Dealer Agreement expressly provides that Sears Hometown retains title to all merchandise and Personal Information. *Id*. Ms. Wood, who is not a party in this suit, entered an agreement with defendant BVG Enterprises to lease retail space in order to operate a Sears Homestown store.

On June 6, 2018, Sears Hometown terminated its Dealer Agreement with Ms. Wood upon discovering she was in violation of the Dealer Agreement. Decl. Sanstra ¶ 8. Ms. Wood was required to immediately discontinue use of the name "Sears" and all trade names and trademarks associated with the operation of the store. *Id*. She was required to immediately return all of Sears Hometown's property, including all merchandise, computer systems, customer lists, and operating guides. *Id*.

Upon termination of the Dealer Agreement, Ms. Wood surrendered possession of the property by providing Sears Hometown with keys to the store premises. Decl. Sanstra ¶ 9. Sears Hometown immediately contacted and notified defendant BVG Enterprises that it would be

removing its property from the premises. *Id*. Defendant promptly changed the locks to the store and refused to allow Sears Hometown to remove its property. *Id*. Sears Hometown has offered to pay rent to defendant until its property was removed. Defendant continues to refuse to allow Plaintiff Sears Hometown access or remove its property.

## STANDARD OF REVIEW

A party seeking a preliminary injunction must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

I find that Plaintiff has shown a likelihood of success on the merits. *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (Whether Plaintiffs have shown a likelihood of success on the merits is a threshold inquiry.) The complaint and motion for temporary restraining order lays out a reasonably probability that Sears Hometown will succeed on the merits in proving that Defendant BVG Enterprises has converted and trespassed Plaintiff's chattels and misappropriated trade secret information; Defendant is

intentionally interfering with Plaintiff's right to access its property resulting in damages to be proven. *Mustola v. Teddy*, 253 Or. 658, 663 (1969)

At this stage in the litigation, however, I cannot find that Sears Hometown will suffer irreparable harm in the absence of preliminary injunctive relief. There is no allegation in the current pleadings that suggest that Defendant is attempting to destroy property and, even if they were, that the economic damages could not be reduced to an easily assessable money judgement.

As to the misappropriation claim, there is no allegation that Defendant is attempting to access or to use Plaintiff's trade secret information and customer list, which could result in a loss of goodwill and reputation. The only allegation is that the computer equipment and information is locked inside the store. I am also not convinced that Sears Hometown's goodwill and reputation, under the store's present circumstances, are being harmed.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of July, 2018.

                                                /s/Michael J. McShane
                                                **Michael J. McShane**
                                                **United States District Judge**